

FILED
*LAL*

OCT 1 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APRIL JONES, individually and on behalf of )
a class of similarly situated individuals, )
                                      )
               Plaintiff, )
               v. )
                                        )
TRUELOGIC FINANCIAL )
CORPORATION, a Delaware Corporation, )
and MILE ROCK MASTER FUND I, LTD. )
               Defendant.

**05C 5937**

Honorable Judge JUDGE KOCORAS

Magistrate Judge:

MAGISTRATE JUDGE DENLOW

## NOTICE OF REMOVAL

Defendant, TrueLogic Financial Corporation ("TrueLogic"), by and through its attorneys,

submits this Notice of Removal pursuant to 28 U.S.C. § 1441, *et. seq.*, for the case entitled *Jones*

*v. TrueLogic,* originally filed in the Circuit Court of Cook County, Illinois under Case No. 05-

CH-15637. In further support of same, TrueLogic states as follows:

### Introduction

1.       On September 14, 2005, plaintiff filed a putative class action complaint in the

Circuit Court of Cook County, Illinois. *See* Complaint, Exhibit 1.

2.       Plaintiff is resident and citizen of Illinois.   Complaint, ¶ 6.   TrueLogic is a

Delaware corporation with its principal place of business in Colorado.  *Id.*, ¶ 7. Thus, Truelogic

is a citizen of Delaware and Colorado and no other state.  Co-defendant, Mile Rock Master Fund

I, Ltd. ("Mile Rock"), is a California corporation with its principal place of business in

California.  *Id.*, ¶ 8.  Thus, Mile Rock is a citizen of California and no other state.

3.       Plaintiff's complaint alleges that TrueLogic "attempts to collect" debts from

consumers that have contracted with Bally Total Fitness Corp. and Crunch Fitness International,

Inc., and that the underlying contracts violate the Illinois Physical Fitness Services Act, 815

ILCS 645/1 *et seq.* Complaint, ¶¶ 1-2. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"). Plaintiff also seeks a declaration that the contracts are void and unenforceable, and an injunction requiring TrueLogic to cease all collection activities. *Id.*, ¶ 4.

## Jurisdiction

4.     This Court has original jurisdiction over this action because it states a claim arising under 15 U.S.C. § 1692k. This Court also has jurisdiction because there is complete diversity between the plaintiff and defendants, TrueLogic and Mile Rock, and the amount in controversy exceeds $75,000, exclusive of fees and costs, and neither of the defendants is a citizen of Illinois. For these reasons, the case is removable to this Court by virtue of the provisions of 28 U.S.C. §1441(a) and (b).

5.     Venue is proper here pursuant to 28 U.S.C. §1441(a), because the action was originally filed in the Circuit Court of Cook County Illinois.

## Timing of Removal

6.     The Complaint was filed on October 14, 2005 and service could have been effected no sooner than that date. Therefore, this notice of removal is within 30 days and timely filed under 28 U.S.C. § 1446(b).

## Amount in Controversy

7.     TrueLogic and Mile Rock have a good faith belief that the amount in controversy exceeds the sum or value of $75,000, exclusive of fees and costs. *See* Exhibit 2 (Mile Rock's Consent to Removal).

8.     In this action, Plaintiff and the putative class allege that TrueLogic violated the

FDCPA, which provides for the award of

> (2)(A) in the case of any action by an individual, such additional damages as the
> court may allow, but not exceeding $1,000; or

> (2)(B) in the case of a class action, (i) such amount for each named plaintiff as
> could be recovered under subparagraph (A), and (ii) such amount as the court may
> allow for all other class members, without regard to a minimum individual
> recovery, not to exceed the lesser of $500,000 of 1 per centum of the net worth of
> the debt collector; and

> (3) in the case of any successful action to enforce the foregoing liability, the costs
> of the action, together with a reasonable attorneys' fee as determined by the court.
> On a finding by the court that an action under this section was brought in bad faith
> and for the purpose of harassment, the court may aware to the defendant
> attorney's fees reasonable in relation to the work expended and costs.

*See* 15 U.S.C. §1692k. Plaintiff expressly seeks "statutory damages," an award of "aggregated

actual damages," an "injunction prohibiting Defendants from continuing to enforce these

contracts," as well as attorneys' fees and costs of suit against TrueLogic and Mile Rock in

connection with their FDCPA claim. *Id.*, ¶39.

9.     Plaintiff also alleges that TrueLogic violated the ICAA, which provides for the

award of actual damages, plus attorney's fees and court costs. *See* Complaint, ¶¶40-44. Plaintiff

expressly seeks "aggregated actual damages," an "injunction prohibiting Defendants from

continuing to enforce these contracts," as well as attorneys' fees and costs. *Id.*, ¶44.

10.     Plaintiff also alleges that TrueLogic violated the ICFA, which provides for the

award of actual damages, plus attorneys fees and court costs. *Id.*, ¶¶45-51. Plaintiff expressly

seeks "aggregated actual damages," an "injunction prohibiting Defendants from continuing to

enforce theses contracts," as well as attorneys fees and costs *Id.*, ¶51.

11.     Therefore, in addition to federal question jurisdiction, there is complete diversity

among the parties and the maximum statutory damages available to plaintiff and the putative

class under the FDPCA alone satisfies the amount in controversy requirement. Therefore, this action satisfies the amount in controversy requirement.

### Consents and Other Requirements

12.     Mile Rock consents to removal of this case. A copy of its consent to removal is attached as Exhibit 2.

13.     Pursuant to 28 U.S.C. § 1446(d), TrueLogic is concurrently providing written notice of this removal to counsel for plaintiff and to Mile Rock and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

14.     All documents filed in the Circuit Court of Cook County to date are filed concurrently herewith.

WHEREFORE, defendant TrueLogic Financial Corporation respectfully requests that this case be removed, without waiver of procedural or substantive defenses, from the Circuit Court of Cook County, Illinois to this Court for all purposes.

Respectfully submitted,

**TRUELOGIC FINANCIAL CORPORATION**

By: _____
One of His Attorneys.

Arthur F. Radke
Renee L. Zipprich
Dykema Gossett Rooks Pitts PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606-7407
(312) 876-1700

October 14, 2005

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that she served a copy of the foregoing Notice of Removal and Civil Cover Sheet to all counsel of record by depositing in the U.S. Mail at 10 South Wacker Drive, Suite 2300, Chicago, Illinois 60606-7407, postage prepaid, before the hour of 5:00 pm, on October 14, 2005:

Gino L. DiVito
Tabet DiVito & Rothstein
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604

John Blim
Jay Edelson
Blim & Edelson
53 W. Jackson Blvd.
Suite 1642
Chicago, IL 60604

Under penalties as provided by law pursuant to ILL. REV.
STAT. CHP 110 Sec 1-109, I certify that the statements set
forth herein are true and correct.

_____
Candace Mandel

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

APRIL JONES , individually and on behalf of a
class of similarly situated individuals,

          Plaintiff

        v.

TRUELOGIC FINANCIAL CORPORATION, a
Delaware Corporation, and MILE ROCK
MASTER FUND I, LTD.

          Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

No.

**05CH15637**

**Jury Trial Demanded**

---x

### CLASS ACTION COMPLAINT

Plaintiff April Jones brings this class action against defendants TrueLogic Financial Corp.
("TrueLogic") and Mile Rock Master Fund I , Ltd. ("Mile Rock") to stop defendants' practice of
attempting to collect money despite the fact that the underlying contracts are illegal and
unenforceable, and to obtain redress for all persons injured by their conduct in Illinois.

### NATURE OF THE CASE

1.    Defendant Mile Rock is a national company that purchases debt from businesses,
including Bally Total Fitness Corp. ("Bally") and its sister corporation, Crunch Fitness
International, Inc. ("Crunch"), and then, through agents such as TrueLogic, attempts to collect
those debts from consumers.

2.    However, with respect to the "debt" arising out of Bally and Crunch contracts, the
underlying health club contracts violate, *inter alia,* the prohibition on long-term health club
contracts contained in section 8(b) of the Illinois Physical Fitness Services Act, 815 ILCS 645/1
*et seq.*, and thus are rendered "void and unenforceable" by section 9(c) of the Act.



EXHIBIT

1

3.      Defendants have continued to enforce these contracts even in the face of an

Illinois Appellate Court decision leaving little doubt as to their unenforceability.

4.      In order to redress Defendants' wrongful conduct, Jones brings suit under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Collection

Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), and the Illinois Consumer Fraud and Deceptive

Business Practices Act, 815 ILCS 505/1 *et seq.*, ("ICFA") and seeks a declaration that the health

club contracts purchased by Defendants are void and unenforceable, an injunction requiring

Defendants to cease all collection activity related to such contracts, an award of actual and

statutory damages to the class members together with costs and reasonable attorney's fees.

### VENUE

5.      Venue is proper in Cook County because Defendants do business in Cook County.

### PARTIES

6.      Jones resides in Illinois.

7.      TrueLogic is a Delaware corporation, headquartered in Colorado, and doing

business throughout Illinois.  It is a "debt collector" as defined by the FDCPA and a "collection

agency" as defined by the ICAA.

8.      Mile Rock, a company that, on information and belief, is affiliated with

TrueLogic, is headquarted in California, though it does not appear to be registered to do business

either in California or Illinois.

9.      On information and belief, Mile Rock has as its principal purpose debt collection,

buying consumer debt from companies such as Bally and Crunch and attempting to collect on

such debt, either on its own or through agents such as TrueLogic. As such, it is a "debt collector" as defined by the FDCPA and a "collection agency" as defined by the ICAA.

## FACTS

### *Bally's and Crunch's sale of void contracts*

10.     Bally and Crunch are both subsidiaries of Bally Total Fitness Holding Corp. They each operate a chain of health and fitness clubs located throughout Illinois.

11.     As one of their primary membership options, Bally and Crunch sell health club contracts that, although purporting to last only one month, effectively bind consumers to pay for three years of services.

12.     These contracts are structured as follows: Members are charged a "membership fee," costing as much as thousands of dollars. Payment of this fee is then spread over a 36-month period, while at the same time members are required to pay nominal "monthly dues" for 36 months of as little as $4.00.

13.     Section 8(b) of the Physical Fitness Services Act limits the "initial term of services" under health club contracts to a maximum of two years. The provision then goes on to forbid precisely the tactic that Bally's and Crunch's contracts use to circumvent this restriction. Specifically, the Act states that, for contracts with initial terms of less than two years, renewals are allowed, but only so long as the charges for renewals are "reasonable consideration *not less than 10%* of the cash price of the original membership." 815 ILCS 645/8(b) (emphasis supplied).

14.     In blatant violation of this provision, Bally and Crunch sell identical form contracts renewable for 36 months under which the monthly renewal charges are well under 10% of the price

3

for original membership -- often less than *one-half of one percent* of that price. Consequently, the buyer has no significant cancellation option for 36 months.

15.     Further, under section 4 of the Physical Fitness Services Act, every health club contract must be in writing and must include "[a]ll provisions, requirements and prohibitions which are mandated by this Act . . . before it is signed by the customer." Bally's and Crunch's form contracts, however, violate the Physical Fitness Act also because they do not, *inter alia*, recite the Act's prohibitions on contracts with initial terms longer than two years and renewals of less than 10% of the cost of the initial membership.

16.     By virtue of each of these violations, under section 9(c) of the Physical Fitness Act, Bally's and Crunch's contracts are therefore "void and unenforceable."

*Defendants' attempts to enforce these illegal contracts*

17.     Mile Rock and/or TrueLogic periodically purchase consumer "debt" arising out these form contracts from Bally, and, on information and belief, Crunch.

18.     Despite the fact that the underlying health contracts are "void and uenforceable," Defendants, either by themselves, or through their agents, routinely send out debt collection letters, make phone calls demanding payments, and otherwise seek to enforce the underlying contracts.

19.     Indeed, Defendants have continued their illegal collection practices in the face of *Pulcini v. Bally Total Fitness Corp.*, 353 Ill. App. 3d 712, 820 N.E.2d 31 (1st Dist. 2004), *appeal denied*, 214 Ill.2d 551, 830 N.E.2d 9 (2004), which left little doubt that the underlying contracts are illegal.

4

*Facts Relating to the Named Plaintiff*

20.      In or about November of 2001, Jones signed up for a membership at a health club owned and operated by Bally. As stated in the attached affidavit (attached hereto as Exhibit A), a copy of her contract is not accessible to her.

21.      On information and belief, under the contract, Jones agreed to pay a "Membership Fee" of over $1,000, consisting of a small up-front payment due immediately, with the remaining amount to be paid off in equal monthly installments over the next 36 months. Jones also agreed to pay nominal monthly dues of well under 10 percent of the cash price of the original membership.

22.      According to Defendants, Jones stopped making payments under the contract in or around November 1, 2002 and her account was sent to collections on or around April 30, 2003.

23.      Before August 2005, TrueLogic, as agent for Mile Rock, sent Jones one or more notices that Mile Rock had purchased her Bally contract and was attempting to collect on her debt.

24.      On or about August 5, 2005, TrueLogic sent Jones a notice demanding $1,334.74 in settlement of the $2,224.85 she purportedly owed, and promising, upon receipt of such amount, to "forward to you a letter for your local credit bureau indicating your account is settled." A copy of this letter is attached as Exhibit B.

25.      Defendants currently claim that Jones owes over $2,200 -- consisting of "principle" and significant interest/fees.

## CLASS ALLEGATIONS

26.    Jones brings this action on behalf of herself and a class (the "Class") consisting of Jones and all others who paid money to enter into physical fitness contracts with Bally and/or Crunch, where the contract states that it is a one-month contract, renewable with discounted monthly dues for more than 24 months, where the dues for each such month are less than 10% of the cash price of the original membership, and who, within five years prior to the filing of this lawsuit, received a letter from Mile Rock, TrueLogic, or an agent of Mile Rock or TrueLogic, attempting to collect on a claimed debt arising from such contract.  (For purposes of Count II, the class period begins on November 6, 2004.)

27.    Upon information and belief, the members of the Class number in the hundreds, such that joinder of all members is impracticable.

28.    Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members.  Common questions for the Class include:

(a)    Do the underlying physical fitness contracts violate the Physical Fitness Services Act by pricing contract renewals at less than 10% of the price of each original membership?

(b)    Do such violations of the Physical Fitness Act render the contracts void?

(c)    Are Defendants committing consumer fraud by attempting to enforce void contracts?

6

29. Jones will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the class, and she has retained counsel competent and experienced in class action litigation.

30. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

### COUNT I
### (Declaratory Judgment)

31. Jones incorporates by reference the foregoing allegations.

32. By virtue of the underlying violations of the Physical Fitness Services Act in the Bally and Crunch contracts, the contracts purchased by Mile Rock and/or TrueLogic are void and unenforceable. 815 ILCS 649/9(c).

33. Despite this, Defendants continue to attempt to enforce the contracts.

34. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

WHEREFORE, Plaintiff April Jones, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. A declaration that the contracts assumed by Mile Rock and/or TrueLogic are void and unenforceable;

7

3.   An injunction prohibiting Defendants from continuing to enforce these contracts and requiring Defendants to take the necessary steps to correct the credit reports of the members of the Class;

4.   Reasonable attorney's fees and costs; and

5.   Such further and other relief the Court deems appropriate.

## COUNT II
### (Violation of the FDCPA)

35.   Jones incorporates by reference the foregoing allegations.

36.   The FDCPA, 15 U.S.C.A. § 1692e, prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including:

A.   misrepresenting "the character, amount, or legal status of any debt";

B.   "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false"; and

C.   using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

37.   The FDCPA, 15 U.S.C.A. § 1692f, further provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

38.   Defendants have violated, and continue to violate, the foregoing provisions of the FDCPA by trying to collect, and in fact collecting, on amounts not legally owed, and upon

8

information and belief, by communicating false information (*i.e.*, that a debt was in fact owed) to credit reporting agencies.

39.    As a result of Defendants' illegal conduct, Jones and the members of the Class have suffered actual damages, including being charged money not legally owed and/or having their credit scores damaged.

WHEREFORE, Plaintiff April Jones prays for the following relief:

1.    An order certifying the Class as defined above;

2.    An award of the aggregated actual damages of the members of the Class;

3.    Statutory damages;

4.    An injunction prohibiting Defendants from continuing to enforce these contracts and requiring Defendants to take the necessary steps to correct the credit reports of the members of the Class;

5.    Reasonable attorney's fees and costs; and

6.    Such further and other relief the Court deems appropriate.

## COUNT III

### (Violation of the ICAA)

40.    Jones incorporates by reference the foregoing allegations.

41.    The ICAA, 225 ILCS 425/9, states that "[n]o debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice."

42.    Under the ICAA, such unlawful practices include:

A.  "Disclosing or threatening to disclose information concerning the
    existence of a debt which the debt collector knows to be reasonably
    disputed by the debtor without disclosing the fact that the debtor disputes
    the debt";

B.  "Attempting or threatening to enforce a right or remedy with knowledge or
    reason to know that the right or remedy does not exist"; and

C.  "Collecting or attempting to collect any interest or other charge or fee in
    excess of the actual debt or claim unless such interest or other charge or
    fee is expressly authorized by the agreement creating the debt or claim
    unless expressly authorized by law or unless in a commercial transaction
    such interest or other charge or fee is expressly authorized in a subsequent
    agreement."

43.  Defendants have violated, and continue to violate, the foregoing provisions of the

ICAA by trying to collect, and in fact collecting, on amounts not legally owed and, on

information and belief, by communicating false information (*i.e.*, that a debt was owed) to credit

reporting agencies.

44.  As a result of Defendants' illegal conduct, Jones and the members of the Class

have suffered actual damages, including being charged money not legally owed and/or having

their credit scores damaged.

WHEREFORE, Plaintiff April Jones prays for the following relief:

1.  An order certifying the Class as defined above;

2.  An award of the aggregated actual damages of the members of the Class;

3.  An injunction prohibiting Defendants from continuing to enforce these
    contracts and requiring Defendants to take the necessary steps to correct
    the credit reports of the members of the Class;

10

4.   Reasonable attorney's fees and costs; and

5.   Such further and other relief the Court deems appropriate.

## COUNT IV
### (Violation of the ICFA)

45.   Jones incorporates by reference the foregoing allegations.

46.   The Consumer Fraud Act prohibits "unfair or deceptive acts or practices." 815 ILCS 505/2.

47.   Defendants' enforcement, and attempts to enforce, contracts declared "void and unenforceable" by the Physical Fitness Act, and, on information and belief, their reporting of supposedly delinquent accounts to credit reporting agencies, constitutes an unlawful practice under the Consumer Fraud Act.  815 ILCS 505/2Z.

48.   This conduct is materially deceptive, and Defendants intended that the members of the Class would rely upon it.

49.   A reasonable person would be deceived by this conduct, and plaintiff and the members of the Class were in fact deceived.

50.   Defendants' illegal conduct resulted in actual damages, proximately caused by that conduct, to each member of the Class.

51.   Defendants' conduct involves trade practices that were directed to the market generally and otherwise implicate consumer protection concerns.

WHEREFORE, Plaintiff April Jones prays for the following relief:

1.   An order certifying the Class as defined above;

2.   An award of the aggregated actual damages of the members of the Class;

11

3.  An injunction prohibiting Defendants from continuing to enforce these contracts and requiring Defendants' to take the necessary steps to correct the credit reports of the members of the Class;

4.  Reasonable attorney's fees and costs; and

5.  Such further and other relief the Court deems appropriate.


## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.


September 14, 2005

April Jones, individually and on behalf of a class of
similarly situated individuals

_____
one of her attorneys


Gino L. DiVito
Tabet DiVito & Rothstein LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
(312) 762-9460
Firm I.D. No. 38234

John Blim
Jay Edelson
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
(312) 913-9400
(312) 913-9401 (Fax)
Attorney No. 38373

12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

APRIL JONES, individually and on behalf of )
a class of similarly situated individuals, )
                                 ) No.
              Plaintiff, )
        v.                  ) Honorable Judge:
                                   ) Magistrate Judge:
TRUELOGIC FINANCIAL )
CORPORATION, a Delaware Corporation, )
and MILE ROCK MASTER FUND I, LTD. 

           Defendant.

## CONSENT TO REMOVAL

The undersigned counsel for defendant Mile Rock Master Fund, I, Ltd. hereby consents

to the removal of this action.

                                        _____
                          Attorneys for Mile Rock Master Fund, I, Ltd.

40071

CHICAGO\2151214.2
ID\RLZ

**EXHIBIT**
2